T.C. Summary Opinion 2008-106

UNITED STATES TAX COURT

SIGNATURE IMPRESSIONS, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14885-07S.                    Filed August 21, 2008.

Glenn Scott Kiker (an officer), for petitioner.

Jennifer K. Martwick, for respondent.

RUWE, Judge:  This case was brought pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and

_____

        [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended, and all Rule references are
to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.  This case is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.

## Background

Petitioner's principal place of business, at the time of filing of the petition, was located in Acworth, Georgia.

This collection proceeding involves petitioner's unpaid employment tax liabilities for the quarterly tax periods ended September 30, 2005, December 31, 2005, March 31, 2006, and June 30, 2006.  Petitioner filed Form 941, Employer's Quarterly Federal Tax Return, and reported employment tax liabilities for each of the periods in question.  Petitioner has not paid these liabilities.

On or about January 30, 2007, respondent sent to petitioner a Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing.  The Letter 1058 informed petitioner that the amounts owed through February 9, 2007, including penalties and interest, totaled:  $1,405.50 for tax period ended September 30, 2005, $2,558.48 for tax period ended December 31, 2005, $1,768.61 for tax period ended March 31, 2006, and $1,558.68 for tax period ended June 30, 2006.  Petitioner, through its authorized representative, responded by timely submitting Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP).  On Form 12153, petitioner's authorized

representative indicated that an installment agreement was the proposed collection alternative and stated: "WE HAVE JUST BEEN HIRED TO HANDLE THIS CASE AND HAVE NOT HAD TIME TO COMPLETE A FINANCIAL STATEMENT. WE WILL PROPOSE AN INSTALLMENT AGREEMENT AFTER DOING SO."

After receipt of petitioner's Form 12153, respondent's settlement officer sent to petitioner, with a copy to its authorized representative, a letter dated April 13, 2007, scheduling a telephone conference call for May 9, 2007 at 1 p.m. A face-to-face meeting was also offered. The letter advised petitioner to call respondent's settlement office within 14 days from the date of the letter if the scheduled time for the conference call was not convenient. This letter also advised petitioner that it had to complete and submit Form 433-B, Collection Information Statement for Businesses, within 14 days in order for respondent to consider collection alternatives such as an installment agreement or an offer-in-compromise. Neither petitioner nor its authorized representative called respondent's settlement officer on the scheduled date, nor did they timely indicate that the date and/or time was inconvenient. On May 9, 2007, respondent's settlement officer sent to petitioner, with a copy to petitioner's authorized representative, a followup letter indicating that respondent had not received the information requested in the April 13, 2007, letter. In the May 9, 2007,

letter, respondent's settlement officer advised petitioner that respondent would make a determination regarding the proposed levy if petitioner did not provide the requested information within 14 days of the letter.

On May 18, 2007, petitioner's authorized representative responded to the May 9, 2007, letter by leaving a message for respondent's settlement officer indicating that he had never received the April 13, 2007, letter and that he had just received the May 9, 2007, letter. Petitioner's authorized representative promised to call respondent's settlement officer but failed to do so. Neither petitioner nor its authorized representative provided any financial information to the settlement officer.

On May 29, 2007, respondent issued to petitioner, with a copy to petitioner's authorized representative, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination), sustaining the proposed levy action against petitioner.

Petitioner timely filed a petition with this Court challenging the notice of determination. The petition was signed by Glenn Scott Kiker, the registered agent and chief executive officer of Signature Impressions, Inc., and stated the relief requested and reasons therefor as:

> A financial statement is in the process of being
> prepared and an installment agreement will be proposed.
> Unfortunate circumstances resulted in the Power of

Attorney and the taxpayer not communicating and missing the appointments set by the Settlement Officer.

On or about February 29, 2008, counsel for respondent asked his Appeals Office to give Mr. Kiker another opportunity for a conference with respondent's settlement officer since the settlement officer's case activity notes indicated that petitioner had not received the May 9, 2007, letter. On March 3, 2008, respondent's settlement officer called Mr. Kiker. During the course of the call, Mr. Kiker indicated that petitioner was no longer generating income. Mr. Kiker did not offer any collection alternatives or provide any financial information. Finally, Mr. Kiker indicated that petitioner was no longer interested in an appeal or in going to Tax Court, but wanted a few days to consider it further. On March 6, 2008, Mr. Kiker called respondent's settlement officer and left a voice mail message indicating that he wanted to leave the docketed case open. At no time prior to or during the pendency of this proceeding has petitioner proposed any collection alternatives or submitted the requested financial information to respondent.

On March 19, 2008, approximately 2 weeks after the conference call with Mr. Kiker, respondent issued to petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 informing petitioner that the proposed levy was sustained.

On April 22, 2008, respondent filed with the Court a motion for summary judgment asserting that no genuine issue of material fact remains for trial. By orders dated April 25 and June 3, 2008, the Court directed petitioner to file a written response to respondent's motion for summary judgment. No response has been received by or on behalf of petitioner.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). The Court may grant summary judgment where there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Rule 121(a) and (b); see also Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985) (citing Jacklin v. Commissioner, 79 T.C. 340, 344 (1982), and Espinoza v. Commissioner, 78 T.C. 412, 416 (1982)); Naftel v. Commissioner, supra at 529. When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth

specific facts showing that there is a genuine issue for trial. Rule 121(d).  The motion, however, must be granted "if the Court is satisfied that no real factual controversy is present so that the remedy can serve 'its salutary purpose in avoiding a useless, expensive and time consuming trial where there is no genuine, material fact issue to be tried.'"  Casanova Co. v. Commissioner, 87 T.C. 214, 217 (1986) (quoting Lyons v. Bd. of Educ., 523 F.2d 340, 347 (8th Cir. 1975)).

Section 6330(a)(1) provides:

SEC. 6330.  NOTICE AND OPPORTUNITY FOR HEARING BEFORE LEVY.

(a) Requirement of Notice Before Levy.--

(1) In general.--No levy may be made on any property or right to property of any person unless the Secretary has notified such person in writing of their right to a hearing under this section before such levy is made.
* * *

If a person makes a valid request for a hearing, a hearing shall be held before an impartial officer or employee of the IRS Office of Appeals.  Sec. 6330(b)(1), (3).  In general, a person may raise at the hearing any relevant issues relating to the unpaid tax or the proposed levy, including:  Appropriate spousal defenses; challenges to the appropriateness of collection actions; and offers of collection alternatives.  Sec. 6330(c)(2)(A).  Congress granted this Court jurisdiction to

review the determination made by the Appeals Office in connection with a CDP hearing.  Sec. 6330(d)(1).

As previously indicated, petitioner has failed to respond to respondent's motion for summary judgment.  Where, as here, the validity of the unpaid employment tax liabilities is not properly placed at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  Because petitioner failed to respond to respondent's motion for summary judgment, we review the motion and supporting affidavit and exhibits to decide whether to grant the motion.  See Shere v. Commissioner, T.C. Memo. 2008-8.

This Court's Rules require petitioner to specify the facts upon which it relies for relief.  See Rule 331(b).  The only relief sought in the petition is an installment agreement.  The previously stated undisputed facts establish that petitioner was given multiple opportunities to participate in a CDP hearing.  When respondent's settlement officer contacted petitioner's representative to offer him a CDP hearing to raise any relevant issues, Mr. Kiker did not request any collection alternatives on behalf of petitioner.

On the basis of our examination of the entire record before us we find that respondent did not abuse his discretion, and we shall grant respondent's motion for summary judgment.

To reflect the foregoing,

An appropriate order and

decision will be entered.